UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUMAR SANCHEZ RAMOS,

Petitioner,

Case No. 2:26-cv-2916-KCD-NPM

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

# ORDER

Petitioner Yumar Sanchez Ramos is currently detained by U.S. Immigration and Customs Enforcement. He received a bond hearing on August 31, 2026, and September 11, 2026. (Doc. 3-1 at 3-7.) He now claims that his detention violates the Fifth Amendment and the Immigration and Nationality Act. (Doc. 1.)[1] The Government opposes the petition. (Doc. 3.)

The Court does not have jurisdiction to overturn the immigration judge's bond decisions. *See* 8 U.S.C. § 1226(e). Ramos has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is primarily what Ramos asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Nor has Ramos shown any constitutional deficiency with the bond hearing beyond mere speculation. (Doc. 3-1 at 3-7.)

To the extent Ramos raises a Fifth Amendment challenge to the length of his detention, he has not been detained long enough. Ramos's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Ramos "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Because Ramos has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is

**DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 6, 2026.

Kyle C. Dudek
United States District Judge